Shuffling Shuffling Shuffling Shuffling Shuffling You see anything? Shuffling May it please the court, the decision of the MSPB determining that it did not possess statutory authority to award Mr. Gonzales back pay in connection with his removal should be affirmed. What's the background of this 2000 amendment? Neither brief cites any legislative history that would explain what the purpose of this was. Is there legislative history? The legislative history is very thin. I know very little about the background to the 2000 amendment. However, it appears from the language of the statute that the addition of the MSPB's authority to hear things that they heard prior to the 1996 amendment was simply opening up another forum in which FAA employees... That's clear enough, but there's no committee reports? There's nothing like that in relation to this 2000 amendment? I'm not aware of any, Your Honor. But with the caveat that my research could well be incomplete. But I'm not aware of any. Ms. Haley, the agency had an opportunity to appeal, and it didn't do so. That's true, Your Honor. And it had time within which to pursue an appeal. Yes, Your Honor. Why haven't you waived any argument that you're not entitled to or that you're unable to award back pay to Mr. Gonzales? Well, there's several reasons. One is, as a statutory matter, the MSPB's authority based in 5 U.S.C. 1204 through the interactions and provisions of A1 and A2... Was there anything that stopped the agency from appealing? No, Your Honor. No, Your Honor. I think that what happened in this case is certainly very unfortunate. We had a case where the debriefing in this matter was completed in its entirety on June 5, 2006, and this Ivory decision came forward on June 22, a few weeks later. Certainly, there was an opportunity for all parties, including the board. Wasn't the decision here in August? The decision was issued by the board in August. Right. And certainly, the agency... So the Ivory decision had been around for at least six weeks. Yes, Your Honor. I think it's important to note, too, that, functionally, the MSPB has fluid and less rigid proceedings and specifically enters orders that contemplate an ongoing dialogue between the parties as to what the enforcement parameters will be. And you have decisions that are frequently turned around before the same administrative judge within a matter of weeks. This is not a court. It doesn't raise the same finality problems. Well, you didn't think you were going to talk the board out of the Ivory decision. No, Your Honor. I think the agency is perfectly supportive of the Ivory decision. That's correct. It needs to be correct. So you were given a silver bullet in this case, and you didn't fire it. That's true, Your Honor. But the board determined in Gonzales that there was an exceptional circumstance, and that would be sovereign immunity based on the board's limited authority to decide federal personnel matters. Effectively, the board, I think implicitly, is saying that sovereign immunity in board cases may be another silver bullet when the agency doesn't raise something in the way that happened here. Let me bring you back to the statute itself. I don't understand how the government gets where it does under the statute. Traditionally, the board, in granting relief, grants back pay, right? Yes, Your Honor, in cases that do not involve FAA employees. Well, no, but when the 2000 Amendment was enacted, it doesn't say that specific provisions will now apply to the FAA. It doesn't say 7701 applies or 7513. It says that you can now appeal to the MSPB. Well, why shouldn't we read that as allowing the traditional appeal and the traditional remedies that the MSPB grants? Why does there have to be a specific section reference when the statute is not drafted in that way, but is drafted in general terms? Respectfully, Your Honor, the statute is drafted in specific terms because it is limited by the opening phrase, under the new personnel management system. So effectively, the MSPB can hear grievances brought under the PMS now, but the MSPB will still be subject to the statutory constraints. But I don't understand that you've responded to my point. This is a general statute which is designed on its face to restore the right of appeal to the MSPB, which was taken away in the 1996 legislation. It doesn't say a specific section 7701 applies. It makes a general statement. It appears on its face to say we now want to create a new avenue to restore the traditional authority of the board. It doesn't limit the authority of the board. It says you can now appeal to the board. Normally, an appeal to the board gives the board the authority to award back pay. Yes, Your Honor, but it does not appear to do so in this case. I don't understand how you get there. I mean, why does it have to specifically refer to the section number of the Back Pay Act when it doesn't refer to any other section numbers in the amendment? You're speaking specifically of the amendment that put in provision G3 into Statute 49. Yes, the language of G3. It's in general terms on the face of it. It indicates a desire to restore this additional avenue of appeal to the board. It doesn't say anything about the kinds of remedies that would be granted. It seems to assume that everybody knows what the board usually does and that they're now going to create this avenue. Well, Your Honor, if G3 were intended to have the effect that your reading would suggest, then Congress would have had to have struck Section G2 out in its entirety. Why? Because G3, the MSPB's authority to hear matters on appeal under G3, is specifically constrained to matters that are under the new personnel management system, and the new personnel management system is defined notwithstanding the provision of Title 5. I don't understand what you're saying. G2 comes before G3, doesn't it? Yes, Your Honor. And it says Title 5 does not apply to the new personnel management system, doesn't it? Yes, Your Honor. How do we get around that? I don't think there's any need to get around that. There is no way to get around it, is there? It says it doesn't apply, so they don't get PAC pay, do they? No, Your Honor. Isn't that what the MSPB decided as well? Yes, Your Honor. That's pretty clear, but don't you still have the problem of why you didn't raise that, as my colleague suggests, Judge Walker? Your Honor, I think in the MSPB context, although we would be often to see the MSPB behaving as a court and trying to apply principles of finality, the relationship between the enforcement proceeding and the initial decision is somewhat more fluid, both essentially in time that it would be in a court. I do agree that the way that this was raised, in an ideal world, would not be in the context of an enforcement proceeding. However, the bottom line in this case is we shouldn't allow that to obscure the fact that the bottom line is a sovereign immunity issue. And Mr. Gonzalez to this day cannot show that the Board committed an error of law in denying him back pay under the Back Pay Act. And that should be the end of the matter. It seems pretty clear that you decided to give him four months. It's not that big a deal, and you decided to let him have it. You didn't appeal. Why the collateral attack after making that decision in the first place? Your Honor, the truth of the matter is that between 2000, which is the enactment of the Ford Act, and the 2005 Ivory decision, the agency routinely awarded back pay. So you read the amendment in 2000 as allowing back pay for five years is what you're saying. I just don't think any... Is that correct? Your Honor, I have nothing in the record that allows me to... But for five years after the 2000 amendment was passed, you allowed back pay, right? Yes. And all of a sudden in 2005 you decided that you weren't construing the statute correctly and changed your mind. Well, I think that we should all take great comfort in the fact that the agency, even five years after the fact, decided to reevaluate whether sovereign immunity had been waived and decided to get it right after Ivory. What do you understand three to mean? Subsection 2, as Judge Rader points out, takes away board appeal. It makes these various sections, 7701, et cetera, inapplicable. And then they come in 2000 and they change it. What do you understand that they were doing in 2000, now with your new understanding of the statute? Oh, Your Honor, I understand that G3 enabled FAA employees the choice between... But what statutory sections were now made applicable to the FAA by the new amendment? I mean, it took away all the statutory authority in 1996, as Judge Rader points out, in subsection 2. So what authority is being restored in 2000 in subsection 3? The authority to submit. You may submit. You may use the MSPB as a forum. Okay, which statutory sections are those? Well, the statutory sections that were actually added were added to G2. When 3 was added, they achieved an implied exception to 2. They created an exception to 2, right? Because 2 took away the board authority, among other things. Correct? No, Your Honor. 2 didn't take away the board authority? Your Honor, 2 definitely took away the board authority. Right, so now the board authority is being restored. What sections are now being made applicable? What's the change? The sections that are now applicable to FAA employees are now the subsections of Title 5 that are listed under G2. So this is the essence of the Bennett case, Your Honor. This is the board saying, we have jurisdiction to entertain this kind of appeal. I don't understand. What sections are now made applicable to the FAA that didn't used to be made applicable? What's the change that's worked by 3? There should not be any. No change? Then how does the board have authority? Your Honor, the statutory additions are made in 2, and the board's authority is actually 7701 through 7703, which is integrated as now part of 2H. 2H? Yes, G2H. In other words, you can obtain your position back. You could reverse any demotion. You could challenge any authority and get essentially injunctive relief. You just can't get back pay. Yes, Your Honor. I don't understand. Where does Section H refer to 7701? It says it directly in H, doesn't it? It says Sections 1204, 1211 to 1218, 1221, and 7701 through 7703 relating to the Merit System Protection Board. That's not my version of H. It doesn't say that. It's 49. Where do I find that? I have 49 USC Section 40122. Is that in your brief? It should be. Number G, Section 2, subsection H. No, no, no, but that's the original one. I'm talking about the 2000 amendment. No, Your Honor, the 2000 amendment actually added the subsection G and the subsection H within Section G2. Okay, but my question is where does it say it took away the authority and said the provisions don't apply and now it's restoring the authority? Which sections now apply that didn't apply before? None except for the new provisions that were provided for in the updated G2. In other words, the 2000 Act specified what things you could appeal and what things you could achieve, and it did not include back pay, right? That's correct, Your Honor. The Act itself, the 2000 Act? Yes, that's right. So as part of the 2000 Act, what you're saying is that there was an amendment to subsection 2 as well as the addition of subsection 3? Yes, Your Honor. The additions to subsection 2 specified additional exceptions to the Title 5, what I would call the Title 5 bar that was originally written in G2. And what you're saying is they added 7701? Yes, Your Honor. I understand, okay. But not the back pay act. So certainly Congress had an opportunity to write it in and for reasons that are unclear, did not. I think it's an important point to make to realize that Mr. Gonzalez was not without a remedy that would provide him back pay. Specifically, it appears to me that had he gone through the PMS procedures, specifically the FAA appeal procedure, which is a specific procedure, that provides for the payment of agency funds for back pay on a favorable decision for a nondisciplinary removal, of which Mr. Gonzalez's removal was indisputably won. So this is not an appellant without a remedy, to my knowledge. But it seems kind of odd that Congress would want to create different remedies. The usual rule is when you go to a grievance procedure under a collective bargaining agreement, you get the same relief that you would from the board. This is very unusual to say that in one group you can get back pay, but in another group you can't. That's true, Your Honor. However, Congress did task, specifically in the statute, did task the FAA with developing a unique system with greater flexibility. So there was a recognition that the FAA would be a different animal going forward. I see that my time has expired. If the Court has no further questions for me, I would ask that for all the reasons we've discussed today and for the reasons set forth in detail in our briefs, that the decision of the MSPB in this matter be affirmed. Thank you, Ms. Ely. Our next case is ARCO Executive Services.